ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com

LORI G. COHEN, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
3290 Northside Parkway
Atlanta, GA 30327
Telephone: (678) 553-2385
Facsimile:  (678) 553-5386
Email: cohenl@gtlaw.com

C. WADE BOWDEN, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7922
Email: bowdenw@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.*
*\*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email: neumannc@gtlaw.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHANIE SPILOTRO, as Guardian ad litem for JASON DUENAS,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>Defendants. | Case No. 2:19-cv-01586-RFB-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY** |

1

Plaintiff Stephanie Spilotro, as Guardian ad litem for Jason Duenas ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties") pursuant to Fed R. Civ. P. 26 and this Court's inherent powers, respectfully request that this Court enter an Order temporarily staying discovery and all pretrial deadlines imposed by the Court, the Local Rules, and the Federal Rules of Civil Procedure for ninety (90) days to permit the parties to finalize their settlement of all claims.

## I.   BACKGROUND

Plaintiff claims injuries related to the purported implantation of an Inferior Vena Cava ("IVC") filter allegedly manufactured by Defendants. (ECF No. 1). The Parties have conducted various discovery, including depositions of the plaintiff's guardian and medical providers, medical records collection, and initial and supplemental disclosures, but have reached an agreement in principle to resolve all claims. As such, the Parties hereby jointly move this Court to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

## II.   ARGUMENTS AND AUTHORITIES

### A. This Court Has Authority to Grant the Requested Stay

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and this Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time…"); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Therefore, this Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

A stipulation to stay proceedings, like the Parties seek here, is an appropriate exercise of this Court's jurisdiction. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (explaining a court's

power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties.)

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also*, *CMAX, Inc. v. Hall*, 300 F.2d 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants"); *Garlock Sealing Tech., LLC v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.*), No. 11-1406, 11-1452, 2012 U.S. Dist. LEXIS 86193, at *11 (W.D. Mo. June 21, 201) (noting a court's power to stay proceedings is incidental to its power to control the disposition of the cases on its docket).

Furthermore, Federal Rules of Civil Procedure (26(c) and 26(d)) also vest the Court with authority to limit the scope of discovery or control its sequence and may grant a stay to allow parties to negotiate a settlement.  *Britton*, 523 U.S. at 598.

### B. Good Cause Exists to Grant the Requested Stay

As noted herein, the Parties have reached a settlement in principle and are currently working to finalize all necessary documentation regarding the same.  As such, the Parties do not seek the stay requested herein in bad faith but instead seek to stay all proceedings in the interest of efficiency and judicial economy.  Granting the stay here will unquestionably save the time and effort of this Court, counsel, and the parties, and provide counsel with an opportunity to finalize the settlement of this case without any additional litigation expense.

Facilitating the Parties' efforts to resolve this dispute entirely through settlement is reasonable and constitutes good cause for granting the requested stay.  The Parties agree that the relief sought herein is necessary to handle and resolve this case in the most economical fashion, and that the relief sought in this stipulation is not for delay, but in the interest of efficiency.

//
//

3

### III.  CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter a stay of all activity in this case, for a period of ninety (90) days.  If Plaintiffs have not filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the opportunity to file a joint status report regarding the status of the settlement.

**IT IS SO STIPULATED.**

Dated this 10th day of February 2022.

| **WETHERALL GROUP, LTD.** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: /s/ *Peter C. Wetherall* <br> PETER C. WETHERALL, ESQ. <br> Nevada Bar No. 4414 <br> 9345 W. Sunset Road, Suite 100 <br> Las Vegas, Nevada 89148 <br> pwetherall@wetherallgroup.com <br><br> ***Counsel for Plaintiffs*** | By: /s/ *Eric W. Swanis* <br> ERIC W. SWANIS, ESQ. <br> Nevada Bar No. 6840 <br> **GREENBERG TRAURIG, LLP** <br> 10845 Griffith Peak Drive, Suite 600 <br> Las Vegas, Nevada 89135 <br> Email: swanise@gtlaw.com <br><br> LORI G. COHEN, ESQ. <br> *Admitted Pro Hac Vice* <br> **GREENBERG TRAURIG, LLP** <br> 3290 Northside Parkway <br> Atlanta, GA 30327 <br> Email:  cohenl@gtlaw.com <br><br> C. WADE BOWDEN, ESQ. <br> *Admitted Pro Hac Vice* <br> **GREENBERG TRAURIG, LLP** <br> 777 South Flagler Drive, Suite 300 East <br> West Palm Beach, FL 33401 <br> Telephone: (561) 650-7922 <br> Email:  bowdenw@gtlaw.com <br><br> CHRISTOPHER J. NEUMANN, ESQ.* <br> *\*Admitted Pro Hac Vice* <br> **GREENBERG TRAURIG, LLP** <br> 1144 15th Street, Suite 3300 <br> Denver, Colorado 80202 <br> Email:  neumannc@gtlaw.com <br><br> ***Counsel for Defendants*** |

### ORDER

IT IS ORDERED that ECF No. 73 is GRANTED. IT IS FURTHER ORDERED that a joint status report is due by 5/11/2022.

IT IS SO ORDERED
DATED: 11:45 am, February 11, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 10, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

*/s/ Shermielynn Irasga*
An employee of GREENBERG TRAURIG, LLP

**SERVICE LIST**
*Spilotro v. C. R. Bard Incorporated, et al.*,
Case No. 2:19-cv-01586-RFB-BNW

Peter C Wetherall, Esq.
pwetherall@wetherallgroup.com
lolson@wetherallgroup.com
ksmith@wetherallgroup.com
**WETHERALL GROUP, LTD.**
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148
Telephone: (702) 838-8500
Facsimile: (702) 837-5081
*Counsel for Plaintiff*